<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 7, 2023

Kevin Vincent Small
Hunton Andrews Kurth
200 Park Ave., 52nd Floor
New York, NY 10166
*Attorney for Plaintiff Ralph Lauren Corporation*

Robert F. Cossolini
Piel Lora
Finazzo Cossolini O'Leary Meola & Hager, L.L.C.
67 East Park Place, Suite 901
Morristown, NJ 07960
*Attorneys for Defendant Factory Mutual Insurance Company*

Kerry C. Donovan
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166
*Attorney for Defendant Factory Mutual Insurance Company*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

> Re:     ***Ralph Lauren Corp. v. Factory Mutual Ins. Co.***
> **Civil Action No. 20-10167 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Ralph Lauren Corporation's ("Plaintiff") Motion for an Indicative Ruling ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 62.1 (D.E. 63). This opinion is issued without oral argument pursuant to Rule 78.  For the reasons discussed below, Plaintiff's Motion is **DENIED**.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

The parties are presumed to be familiar with this case and may refer to this Court's opinion dated May 12, 2021 (the "Prior Opinion"), for a more detailed summary of the factual and procedural background.  (*See* D.E. 59.)  Briefly, this dispute dates to 2020, when Defendant denied Plaintiff's claim for insurance coverage for losses caused by SARS-CoV-2 and related COVID-19

emergency orders requiring Plaintiff's stores to close.  (*See* D.E. 1.)  Plaintiff alleged that it was entitled to coverage under its insurance policy with Defendant (the "Policy") which covered certain "physical loss or damage" to Plaintiff's property, with exclusions.  (*See* D.E.1-1 at 2.)

This Court, in its Prior Opinion issued in May 2021, granted Defendant judgment on the pleadings because Plaintiff failed to establish that it was entitled to coverage under the Policy. (D.E. 59 at 5–10.)  This Court found that Plaintiff's Complaint contained no specific allegations of physical loss or damage to its insured properties.  (*Id*. at 5–6.)  This Court also went a step further to find that, "even if Plaintiff *did* plead the existence of actual or imminent 'physical loss or damage,' its claim fails under the Contamination Exclusion" of the Policy, which "unambiguously excludes coverage for 'any condition of property due to the actual or suspected presence of any . . . virus,'" which includes SARS-CoV-2.  (*Id*. at 7 (quoting the Policy); *see* D.E. 63-2 at 24, 80.)

Plaintiff timely appealed.  (D.E. 61.)  Shortly after Plaintiff's appeal was filed, the Third Circuit stayed the appeal pending the resolution of fourteen similar appeals, including *Wilson v. USI Insurance Service LLC*.  (*See* 3d. Cir. 21-2008, D.E. 3.)  On January 6, 2023, the Third Circuit issued its decision in *Wilson*.  *See Wilson v. USI Insurance Service LLC*, 57 F.4th 131 (3d Cir. 2023).

On March 26, 2023, Plaintiff filed the instant motion, and the parties have completed briefing.  (D.E. 63, 65, 66.)  Plaintiff seeks to set aside this Court's judgment pursuant to Rule 60(b)(6), and to amend the Complaint pursuant to Rule 15, on the basis that *Wilson* alters the relevant legal framework.  (D.E. 63 at 10–12.)  However, because Plaintiff's appeal remains pending (*see* 3d. Cir. 21-2008), Plaintiff does not seek that relief outright but instead asks this Court to issue an indicative ruling pursuant to Rule 62.1, stating that this motion raises a substantial issue or that this Court would grant a motion to set aside the judgment and amend the Complaint if the Third Circuit remanded the case.  (D.E. 63 at 18–19.)

## II.    LEGAL STANDARD

While an appeal is pending, a district court generally lacks jurisdiction to decide further motions from the parties.  *See In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005); *Doe v. United States*, 842 F. App'x 719, 722 (3d Cir. 2021).  However, pursuant to Rule 62.1, a district court may address a timely motion for relief that is barred by a pending appeal—such as a Rule 60(b) motion—and either (1) defer consideration on the motion, (2) deny the motion, or (3) issue an indicative ruling stating that the court "would grant the motion if the court of appeals remands for that purpose" or stating that the motion "raises a substantial issue."  Fed. R. Civ. P. 62.1; *see Mandalapu v. Temple Univ. Hosp., Inc.*, 796 F. App'x 152, 153 & n.1 (3d Cir. 2020); *United States v. Whoolery*, 2017 WL 228217 (W.D. Pa. Jan. 18, 2017).  If a district court indicates that it would grant the motion for relief, or that it raises a substantial issue, the court of appeals may remand at its discretion.  *See* Fed. R. App. P. 12.1(b).

Leave to amend a complaint "shall be freely give[n] . . . when justice so requires," but it may be denied where amendment would be futile.  Fed. R. Civ. P. 15(a)(2); *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Amendment is futile when the proposed amended complaint fails to state a claim upon which relief can be granted or, in other words, when it fails to "cure the deficiency" that led to the dismissal of the original complaint.  *Id*. at 115; *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Moreover, a complaint cannot be amended while a final judgment on that complaint stands, so a party seeking to amend a complaint

after judgment has been entered must first have the judgment set aside. *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002); *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 367–68 (3d Cir. 2013).

Upon a motion pursuant to Rule 60(b)(6), a district court may set aside its judgment for "any . . . reason that justifies [such] relief." Fed. R. Civ. P. 60(b)(6). Courts should extend these broad, equitable powers "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). In considering whether the movant has met its burden to demonstrate entitlement to this equitable relief, courts must employ a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Id*. at 122. Relevant factors include the need to respect the finality of judgments, and the court's task of "doing substantial justice." *Lasky v. Cont'l Prod. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (listing factors); *see Cox*, 757 F.3d at 122.

In this circuit, "intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6)," *Cox*, 757 F.3d at 121, and "a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position," *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015). The first question for a court addressing a Rule 60(b)(6) motion based on a purported change in the law is thus "whether the asserted change is material to the basis on which the district court initially denied . . . relief." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). If it is, the court should then consider a number of factors to determine whether the change in law warrants vacating the judgment; if it is not, the motion may be denied. *Id*.

## III.   DISCUSSION

This Court will deny Plaintiff's motion for an indicative ruling pursuant to Rule 62.1 because, if the Third Circuit remanded this case, this Court would deny Plaintiff's motions to vacate the judgment and to file an amended pleading. *See* Fed. R. Civ. P. 62.1. Plaintiff's Motion does not raise a substantial issue and does not warrant remand from the Third Circuit.

Plaintiff's Motion addresses the meaning of "physical loss and damage" under New Jersey law, which was discussed in *Wilson*.[1] However, Plaintiff does not meaningfully address this Court's dispositive conclusion that the Contamination Exclusion of the Policy "unambiguously" excludes coverage for Plaintiff's losses, even assuming Plaintiff had adequately pleaded physical loss or damage. (D.E. 59 at 7.) Plaintiff does not argue that *Wilson* sheds any new light on the applicability of the Contamination Exclusion—and *Wilson* does not—nor does Plaintiff address it with legal arguments, except in reply. (*See* D.E. 63 at 16; D.E. 66 at 13.)[2] Instead, Plaintiff seeks to add allegations that it claims will "demonstrat[e] that it does not apply." (*See* D.E. 63 at 16.)

---

[1] Plaintiff admits that *Wilson* "does not directly govern this case" but argues that it "provides some guidance on the meaning of relevant policy terms," especially "physical loss and damage." (D.E. 63 at 11.)

[2] *See Wilson*, 57 F.4th at 138 ("Because the policies do not cover the businesses' losses, we need not reach the issue of whether the virus exclusions or any other exclusions apply.") Even in reply, where Plaintiff finally presents legal arguments concerning the Contamination Exclusion, Plaintiff's argument is that there is "no published federal appellate decision" that disagrees with their view. (D.E. 66 at 13.) The absence of binding precedent on an issue does not make it correct, and Plaintiff cites no binding precedent that compels a different reading of the Policy.

Plaintiff's proposed amendments to the complaint that address the Contamination Exclusion assert legal conclusions, which are not entitled to the presumption of truth afforded to factual allegations in a complaint. (D.E. 63-1 ¶¶ 160–83.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For example, one new allegation states that "[t]he Policy's Contamination [E]xclusion does not exclude a communicable disease's causative virus." (*Id*. ¶ 171.) This is, of course, the opposite of this Court's conclusion in the Prior Opinion that the Contamination Exclusion's carveout for "any condition of property due to the actual or suspected presence of any . . . virus" encompasses SARS-CoV-2 within the meaning of the term "virus." (D.E. 59 at 7.) However, Plaintiff must do much more than allege legal conclusions that are contrary to this Court's Prior Opinion to warrant vacating a final judgment. *Iqbal*, 556 U.S. at 678 (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see Cox*, 757 F.3d at 122 (noting that movant bears the burden to establish "extraordinary circumstances" warranting equitable relief).

*Wilson* did not even address, let alone effect a material change in the law regarding, whether virus exclusions applied to bar claims for business losses similar to Plaintiff's, so *Wilson* does not merit relief under Rule 60(b)(6) in this case. *See* 57 F.4th at 138 ("we need not reach the issue of whether the virus exclusions or any other exclusions apply."); *Bracey*, 986 F.3d at 284. Further, Plaintiff's proposed amended complaint does not cure the deficiencies in the original complaint that warranted dismissal—Plaintiff's failure to demonstrate that its claim was not barred by the Contamination Exclusion—so amendment would be futile. *Shane*, 213 F.3d at 115.

In sum, because Plaintiff has not provided this Court with any basis for reconsidering its prior dispositive decision that Plaintiff's insurance claim is barred by the Policy's Contamination Exclusion, this Court would not set aside the judgment or allow Plaintiff to amend the complaint, thereby obviating a basis for the Third Circuit to remand the case. *See* Fed. R. Civ. P. 62.1.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Indicative Ruling is **DENIED**. An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

4